UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————X

AVTAR S. BADWAL,

     Plaintiff,

   - against -

RAMANDEEP BADWAL; JEFFREY S. BROWN,
In his official and personal capacity,

     Defendants.

———————————————————————————X

**NOT FOR PUBLICATION**

**MEMORANDUM
AND ORDER**
17-CV-4310 (LDH)(CLP)

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Avtar Badwal, proceeding pro se, brings this action against Ramandeep Badwal,

his ex-wife, and Jeffrey S. Brown, a state court judge, asserting claims under 42 U.S.C. § 1983

and state law.[1]  For the reasons set forth below, the action is dismissed.

## I. Background[2]

Plaintiff and Defendant Badwal were divorced by judgment dated July 1, 2010 and

entered in the Supreme Court of the State of New York, Nassau County by Judge Jeffrey Brown.

(Compl. ¶ 6; *see also* Ex. 3.)  Plaintiff brings the instant action to challenge the state court's

decisions regarding his divorce, equitable distribution, and child support on the grounds that the

decisions violated his equal protection and due process rights under the United States

Constitution.  (Compl. ¶ 2.)  Plaintiff also alleges various state law claims, including violation of

---

[1] In commencing this action, Plaintiff paid the requisite filing fee.
[2] The following facts are drawn from the complaint and its attachments, the allegations of which are assumed to be true for purposes of this Memorandum and Order.

the New York State Constitution, breach of implied covenant of good faith and fair dealing, civil

conspiracy, and intentional and negligent infliction of emotional distress.

## II. Standard of Review

A court must construe a pro se litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S.

89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a pro se complaint should not

be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading

of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed.*

*Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted).

Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and

substantive law, including establishing that the court has subject matter jurisdiction over the

action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1

(E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

Moreover, even if a plaintiff has paid the filing fee, a district court may dismiss the case,

*sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street*

*Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see Mallard v. United States District Court*,

490 U.S. 296, 307-08 (1989) (noting that "[28 U.S.C. § ] 1915(d), for example, authorizes courts

to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do

so even in the absence of this statutory provision"). "A complaint will be dismissed as

'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171

F.3d 757, 760 (2d Cir.1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)); *see*

*also Jolley v. Chatigny*, No. 04-Civ-182, 2004 WL 306116, at *2 (D. Conn. Feb.12, 2004)

(stating that, when it is clear that the defendants are immune from suit, a dispositive defense

appears on the face of the complaint, the action can be dismissed as frivolous). Indeed, "district

courts are especially likely to be exposed to frivolous actions and, thus, have [a] . . . need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Fitzgerald*, 221 F.3d at 364. A cause of action is properly deemed frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## III.    Discussion

### A.  Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allanattah Servs.*, *Inc.*, 545 U.S. 546, 552 (2005); *Frontera Res. Azerbaijan Com, v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed.R.Civ.P. 12(h)(3). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

Federal courts have customarily declined to intervene in the realm of domestic relations. "Long ago [the Supreme Court] observed that '[t]he whole subject of the domestic relations of

3

husband and wife, parent and child, belongs to the laws of the States and not to the laws of the

United States.' So strong is our deference to state law in this area that we have recognized a

'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony,

and child custody decrees'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004) (quoting

*In re Burrus*, 136 U.S. 586, 593-594 (1890) and *Ankenbrandt v. Richards*, 504 U.S. 689, 703

(1992)), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*,

134 S. Ct. 1377 (2014); *see also Neustein v. Orbach*, 732 F. Supp. 333, 339-40 (E.D.N.Y. 1990)

(district court held that it lacked jurisdiction because it could not resolve factual disputes

connected to domestic relations). As such, federal courts repeatedly dismiss actions aimed at

changing the results of domestic proceedings, including orders of child custody. *See Ruchinsky*

*v. Devack*, No. 14-CV-2219 SLT, 2014 WL 2157533, at *9 (E.D.N.Y. May 23, 2014) ("While

*Ankenbrandt* did not expressly state that the domestic relations exception extends to child

support decrees, the Second Circuit has stated that 'where a federal court is asked to grant a

divorce or annulment, determine support payments, or award custody of a child'. . . [courts]

generally decline jurisdiction pursuant to the matrimonial exception.") (quoting *American*

*Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir.1990)); *Sullivan v. Xu*, No. 10-CV-3626 ENV,

2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) (finding no jurisdiction over plaintiff's

challenges to child custody and child support orders); *Neustein,* 732 F. Supp. at 339.

That said, dismissal is warranted here as Plaintiff asks this Court to undertake a

wholesome review of the state court's decisions regarding his domestic relations on the basis that

"his due process was violated and the State Court was bias and the decisions were prejudicial."

(Compl. ¶ 2.) If this Court were to allow Plaintiff to pursue this action, the Court would be

"forced to re-examine and re-interpret all the evidence brought before the state court" in the

earlier proceedings. *See McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (former

husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were

violated in proceedings in which former wife obtained upward adjustment of child support would

require the court to "re-examine and re-interpret all the evidence brought before the state court"

in the earlier state proceedings and, therefore, district court did not have subject matter

jurisdiction). As such, this action is barred by the domestic relations exception to this Court's

jurisdiction.

Further, to the extent Plaintiff requests that this Court review and vacate the orders of the

state court, such relief is barred by the *Rooker-Feldman* doctrine, which precludes federal courts

from hearing "cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

U.S. 280, 284 (2005) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of

Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

### B. Immunity to § 1983 Actions

Even if the Court had subject matter jurisdiction over this complaint, the claims against

Judge Brown would be dismissed as frivolous because it is "clear that the defendant[] [is]

immune from suit." *Montero*, 171 F.3d at 760. Indeed, judges have absolute immunity from

suits for damages for judicial acts performed in their judicial capacities. *See Warden v. Dearie*,

172 F.3d 39 (2d Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are

immune to suit except for actions not taken in judicial capacity and actions taken in complete

absence of all jurisdiction).

The fact that Plaintiff also seeks injunctive relief in this action does not alter Judge

Brown's entitlement to immunity in this action.  In 1996, Congress enacted the Federal Courts

Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), amending 42 U.S.C.

§ 1983 to provide that in "any action brought against a judicial officer for an act or omission

taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

decree was violated or declaratory relief was unavailable." *See* 42 U.S.C. § 1983.  The

complaint does not allege that a declaratory decree was violated or allege facts suggesting that

declaratory relief was unavailable.  In any event, "[d]eclaratory relief against a judge for actions

taken within his or her judicial capacity is ordinarily available by appealing the judge's order."

*LeDuc v. Tilley*, No. 3:05CV157MRK, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005)

(citing cases).  Because Plaintiff has not alleged violation of a judicial decree or that declaratory

relief was unavailable, his claims against Judge Brown are also dismissed as frivolous.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to

Fed. R. Civ. P. 12 (h)(3) and as frivolous because Judge Brown is immune to this action.

*Montero v. Travis*, 171 F.3d at 760.  The Court has considered affording Plaintiff leave to amend

the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so.

Any opportunity to amend would be futile because a review of the complaint does not suggest

that Plaintiff has inadequately or inartfully pleaded any potentially viable claims.  Any state law

claims are dismissed without prejudice.  Although Plaintiff paid the filing fee, the Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v.*

6

*United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

     /s/ LDH     

LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
     February 2, 2018